IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re | ) CV NO 10-00356 DAE-LEK |
| | ) |
| SEAN RYAN O'KELLEY, | ) |
| | ) |
| Debtor, | ) |
| _____ | ) |
| COUNTRYWIDE HOME LOANS, | ) |
| INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| JONATHAN ERIC WILKERSON; | ) |
| SEAN RYAN O'KELLEY; ELAINE | ) |
| HORTIZUELA GUERRERO | ) |
| O'KELLEY; PALEHUA | ) |
| COMMUNITY ASSOCIATION, | ) |
| Defendants. | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

ORDER AFFIRMING BANKRUPTCY COURT'S ORDER
<u>DENYING MOTION TO VACATE JUDGMENT</u>

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Appellants' appeal and the supporting and opposing memoranda, the Court **AFFIRMS** the bankruptcy court's decision.

BACKGROUND

This case has a long history in this Court and the United States Bankruptcy Court. Much of the case history has been aptly described in a previous order by Judge Seabright and is repeated below with this Court's current designation of the parties and without reference to internal citations from the docket. (See Countrywide Home Loans, Inc. v. Wilkerson et al., Cv. No. 09-00360 JMS/KSC Order Affirming Bankruptcy Court's Orders (1) Denying Defendants' [Appellants'] Motion to Dismiss; (2) Granting Plaintiff's [Countrywide's] Motion for Summary Judgment; and (3) Denying Defendants' [Appellants'] Motion for Reconsideration "Seabright Order," Doc. # 31.)

I. Factual Background

  A. The Mortgages

In October 2004, Appellants Sean Ryan O'Kelley and Elaine Hortizuela ("Appellants") and Jonathan Eric Wilkerson ("Wilkerson") offered to purchase the property located at 92-925 Panana Street, Kapolei, Hawaii 96707 (the "Panana Property") for $417,000, which was accepted by the seller. Appellants had poor credit scores, and Wilkerson therefore agreed to help Appellants purchase the Panana Property by using his good credit to secure mortgages on the property in his name. Wilkerson and Appellants agreed that Appellants would make the

down payment and monthly payments on the Panana Property and ultimately live on the Panana Property, while Wilkerson would have a 10% interest in the house. Wilkerson obtained a first mortgage loan in the amount of $333,600 from Countrywide, secured by a mortgage on the Panana Property that was executed by Wilkerson and Appellants. Wilkerson obtained a second home equity line of credit ("HELOC") in the amount of $41,700 from Countrywide, secured by a second mortgage on the Panana Property executed by Wilkerson and Appellants. Both of the mortgages were in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), acting solely as a nominee for Countrywide, its successors, and assigns.

      B.    Ownership and Servicing of the Mortgages

Appellee Countrywide Home Loans, Inc. ("Countrywide") is the owner of the second mortgage loan. Countrywide sold the first mortgage loan, however, to Park Granada, who then sold it to Bank One, who finally sold it to Federal National Mortgage Association ("Fannie Mae"). Accordingly, Fannie Mae presently owns the first mortgage loan. At the time the first mortgage loan was sold to Fannie Mae, Countrywide Home Loans Servicing, LP, a Countrywide-affiliated entity ("CHLS"), was the servicer of all Fannie Mae loans of record pursuant to a Mortgage Selling and Servicing Contract. CHLS in turn had an

agreement with Countrywide for Countrywide to perform the servicing functions for mortgage loans—including handling mortgage payments from mortgagors and, when necessary, filing proof of claim forms and bringing foreclosure actions in its own name for mortgage loans in default. Fannie Mae requires that when a servicer (or subservicer) forecloses on a mortgage, the servicer must convey title of the property to Fannie Mae once the servicer acquires the property. Fannie Mae further generally requires servicers to initiate legal proceedings: (1) in the servicer's name if the servicer is the mortgagee of record; (2) in Fannie Mae's name if Fannie Mae is the mortgagee of record, or (3) in the servicer's name if MERS is the mortgagee of record.

    C.    Default on the Mortgage Loans

The first mortgage loan required Wilkerson to make monthly principal and interest payments in the amount of $1,715.17 per month, while the second mortgage loan required Wilkerson to pay a minimum of $177.07 per month. Starting in May 2005, payments on the loans became sporadic, resulting in Countrywide issuing several Notice of Default and Acceleration letters on the first mortgage loan and issuing an Attorney Demand Letter on the second mortgage loan. The last payment Countrywide ever received on the first mortgage loan was

on July 21, 2006, and the last payment received on the second mortgage loan was on April 12, 2006.

II.     Procedural Background

On February 22, 2007, Countrywide filed a foreclosure action on the Panana Property in Hawaii Circuit Court.  On April 9, 2007, Appellants filed an Answer and Counterclaim.  In July 2008, Countrywide filed a motion for summary judgment seeking judgment that the loans were in default and a decree of foreclosure on the mortgages, as well as summary judgment on Appellants' counterclaims.  Sean O'Kelley subsequently filed for bankruptcy and removed the state foreclosure action to the Hawaii bankruptcy court.

In bankruptcy court, three days before the hearing on the motion for summary judgment, Appellants filed a motion to dismiss arguing that Countrywide was not the real party in interest.  During the hearing on the motion for summary judgment, the bankruptcy court orally granted the motion for summary judgment but declined to enter a written order until after it determined the motion to dismiss.  The bankruptcy court ultimately denied Appellants' motion to dismiss and entered a written order granting Countrywide's motion for summary judgment.  Judgment was entered on July 15, 2009.  Appellants filed a Motion for Reconsideration of

the order granting summary judgment and the final judgment, which the bankruptcy court denied on July 24, 2009.

On August 6, 2009, Appellants appealed the bankruptcy court's decisions on the motion for summary judgment, motion to dismiss and motion for reconsideration. Judge Seabright affirmed the bankruptcy court on all matters. (See Seabright Order.) In doing so, Judge Seabright rejected Appellants' arguments that: 1) the mortgages should be "nullified" as unrecordable because the notary public was not present when the Appellants signed the mortgages and because of any interlineations or changes in the mortgage documents (id. at 14-15); (2) the first mortgage was no longer enforceable because it had been sold to a third party (id. at 15); (3) because the mortgages were made in favor of MERS, there was a question of fact as to who owned or possessed the mortgages (id. at 15-16 ); (4) summary judgment was not appropriate because the O'Kelleys did not intend to enter into the second mortgage loan (id. at 16-17); and (5) the Bankruptcy Court allegedly "overlooked" the O'Kelleys' claims of fraud, negligence, and breach of contract (id. at 17-18 ).

Subsequently, Appellants filed a motion in the bankruptcy court to vacate the bankruptcy judgment affirmed by Judge Seabright ("Motion to Vacate") and a motion to disqualify Bankruptcy Judge Faris. (See Docs. ## 1-4 & 1-3,

respectively.) The bankruptcy court denied both motions. (Id.) Appellants then moved in the bankruptcy court to stay the proceedings pending Appellants' appeal of the Motion to Vacate and motion to disqualify to this Court. (See Doc. # 15, Ex. E.) The bankruptcy court denied Appellants' stay motion. (See id., Ex. F.)

On June 16, 2010, Appellants filed an emergency motion for stay pending appeal with the United States Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") and Countrywide filed a statement of election to the district court. (Doc. # 1, Order Transferring Appeal to District Court.) Accordingly, the BAP transferred the appeal to this Court. (Id.) On July 29, 2010, Appellants filed their opening brief with this Court ("Appeal").[1] ("Appeal," Doc. # 8.) On August 16, 2010, Countrywide filed its brief in Opposition. ("Opp'n," Doc. # 9.) On

---

[1] Countrywide argues that this Court should summarily affirm the bankruptcy court's decision because Appellants have, again, completely failed to follow the briefing requirements outlined in Federal Rules of Bankruptcy Procedure 8009(b) and 8010. (Opp'n at 1 n.1.) Judge Seabright also noted Appellants' failure to follow these rules in his prior Order. (See Seabright Order at 8 n.5.) The Court agrees that Appellants again fail to follow these rules, especially with regard to their statement of jurisdiction, standard of appellate review, and lack of references to the record. Although this failure follow the bankruptcy rules may warrant summary affirmance, see In re Morrissey, 349 F.3d 1187 (9th Cir. 2003) (affirming the BAP's summary affirmance based on the appellant's egregious violations of appellate briefing rules even after he had been placed on notice that his excerpts and brief were deficient, and after his appeal had once been dismissed for failure to prosecute), especially in light of the court's previous instruction to Appellants in their previous appeal, the Court will address the substance of Appellants' Appeal to the extent it can be understood.

September 2, 2010, Appellants filed their response brief ("Response").[2]  ("Resp.," Doc. # 11.)  Oral arguments were set before this Court on October 22, 2010.  (Doc. # 12.)  Appellants did not appeal the bankruptcy court's denial of their stay motion.

On June 24, 2010, the bankruptcy court issued an order granting Countrywide's motion for confirmation of sale, for deficiency judgment, for writ of possession and cancellation of notice pendency of action ("Confirmation Order").  (See Doc. # 15, Ex. G.)  Appellants did not appeal the Confirmation Order, which entitled Countrywide or its nominee to "immediate and exclusive possession of the" Property upon recordation of the documents conveying the Property to Countrywide or its nominee.  (Id. at 5 ¶ 6.)  On July 29, 2010, a Commissioner's Deed was recorded and the Property was conveyed to Fannie Mae.  (Id., Ex. J.)

Also on June 24, 2010, the bankruptcy court issued a Judgment for Possession by which Appellants were "ejected from and permanently enjoined and restrained from entering upon or attempting to enter upon the land and improvements at" the Panana Property.  (Id., Ex. H.)  The bankruptcy court

---

[2] In their Response, Appellants state that they do not wish to pursue the disqualification of Judge Faris and ask this Court "to remove this matter from the record." (Resp. at 10.)  Accordingly, the Court finds that Appellants have abandoned their appeal on the bankruptcy court's Order Denying Motion to Disqualify the Judge.  (See Doc. # 1.)

additionally issued a writ of possession commanding the Director of Public Safety, his/her deputy or any police officer to remove the Appellants from the Property. (Id., Ex. I.) Appellants did not appeal the Judgment for Possession or the Writ of Possession.

On October 4, 2010, Appellants filed an Emergency Motion for Temporary Restraining Order ("TRO"). ("TRO," Doc. # 13.) The same day, this Court ordered Countrywide to respond to Appellant's TRO. (Doc. # 14.) On October 5, 2010, Countrywide filed an Opposition to Appellant's TRO. ("Opp'n to TRO, Doc. # 15.) On October 6, 2010, this Court issued an Order denying Appellants' TRO. (Doc. # 16.) On October 8, 2010, this Court issued a detailed order explaining the basis of denying Appellants' TRO. (Doc. # 17.) The Court's detailed order vacated the hearing on Appellants' Appeal and informed the parties that the Appeal would be decided on the briefings submitted by the parties.

## STANDARD OF REVIEW

The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158(a). Federal Rule Bankruptcy Procedure ("Bankruptcy Rule") 9024 applies the requirements of Federal Rule of Civil Procedure ("Rule") 60(b) with respect to obtaining relief from a judgment or order in an bankruptcy case. A denial of a motion to vacate pursuant to Rule 60(b) is reviewed under the abuse of discretion

standard. In re Burley, 738 F.2d 981, 988 (9th Cir. 1984) ("An appellate court may set aside a trial court's denial of a Rule 60(b) only if the denial constitutes an abuse of discretion. The BAP must accord bankruptcy court orders the same deference.") (internal citations omitted).

Rule 60(b) provides that a court may grant relief from judgment or an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence;
(3) fraud, misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; or
(6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). A motion for reconsideration must "[f]irst . . . demonstrate some reason why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (internal citations omitted). Here, Appellants asserts that reconsideration is appropriate based upon Rule 60(b)(2) "newly discovered evidence," Rule 60(b)(3) "fraud, misrepresentation, or misconduct by an opposing party," or Rule 60(b)(6) "any other reason that justifies relief" because allegedly relief is appropriate.

10

## DISCUSSION

Appellants' arguments on appeal are difficult to understand. Nevertheless, the Court finds that Appellants argue on appeal that the bankruptcy court erred by entering judgment because allegedly: (1) one of the notary publics who signed the warranty deed committed fraud by not actually witnessing Appellants' signatures, thereby rendering the warranty deed unrecordable and therefore void and the subsequent mortgages void as well; and (2) Countrywide made misrepresentations which warrant relief from judgment.[3]  (See Appeal.) Appellants state that

> [i]f the law says the O'Kelleys are entitled to a free house, then this is what the law says, the O'Kelleys did not create the laws or break any laws when they tried to purchase this home.

(Resp. at 8.)

The Court finds that Appellants' issues on appeal are merely factual assertions with absolutely no evidentiary support. A review of Judge Seabright's past Order evidences that Appellants' fraud arguments were fully addressed in prior proceedings. In their Motion to Vacate and on Appeal, Appellants' entire fraud argument appears to be based upon their claim that Countrywide is not a real

---

[3] It does not appear to the Court that Appellants are raising any other arguments by their Appeal.

party in interest or does not have ownership or possession of the loans. (Appeal at 21-24.) This issue has been raised and dismissed both at the bankruptcy court and by Judge Seabright in his well reasoned Order on Appellants' first appeal prior to entry of judgment against Appellants. (See Order at 10-18.)

Moreover, as to the warranty deed, Appellants make no showing of why their arguments regarding its invalidity[4] were not made before judgment was

---

[4] Moreover, although Judge Faris denied Appellant's Motion to Vacate without addressing the merits of Appellants' arguments, a review of the merits also shows that similar issues had been previously raised and dismissed:

> First, Defendants argue that the two mortgages should be "nullified" as unrecordable because a notary public was not present as required by Hawaii Revised Statutes ("HRS") § 502-41 when Defendants signed the mortgages . . . . These HRS provisions are directed to protecting third parties and affect only whether the documents are recordable, see HRS § 502-41 (outlining when an instrument may be recorded) . . . and do not suggest that failure to follow these requirements nullify the document as between the parties. Markham v. Markham, 909 P.2d 602, 605 (Haw. App. 1996) ("It is plain that recordation merely provides notice of a conveyance to third parties and evidence of the conveyance."). Indeed, whether the mortgages were recordable does not affect the fact that they are enforceable between the parties. See id. at 610, 909 P.2d at 282 ("Even if the deed had no acknowledgment, or its equivalent, at all, it would still be good between the parties. As between the parties acknowledgment of a deed is not necessary." (quotations omitted)); Pang v. Kee, 49 Haw. 62, 73, 412 P.2d 326, 332 (1966) ("[E]ven if the certificate had been false and the deed not properly acknowledged this would not affect the validity of the deed as between the parties to the deed.").

(Seabright Order at 14-15 (internal citations to the record omitted).) As to

entered.  The Court finds that the warranty deed is not new evidence as asserted by Appellants. (Appeal at 13.)  In order to establish an abuse of discretion, a party seeking to set aside a judgment pursuant to Rule 60(b)(2) must establish that: (1) the party has "newly discovered evidence" within the meaning of Rule 60(b)(2); (2) the evidence could not have been discovered with reasonable diligence; and (3) the newly discovered evidence is of such a magnitude that production of it earlier would have been likely to change the disposition of the case.  See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir. 1987).  Evidence is not considered "newly discovered" if "it was in the moving party's possession at the time of trial or could have been discovered with reasonable diligence."  Id. at 212 (citations omitted).

       The warranty deed, by which the Panana Property was conveyed to Appellants and Wilkerson, is not "newly discovered" because Appellants signed

---

Appellants' arguments regarding the importance of the warranty deed if void, the Court notes that finding the deed and the mortgages to be void would not provide Appellants with a "free house."  Instead, invalidating both documents would mean that Appellants have no interest in the Panana Property.

the warranty deed in November 2004 (see Opp'n at 13; Bk. Ct. Adv. No. 08-90060, Doc. # 138-1 at 2-6) and the warranty deed is a publicly available document because it was recorded at the Bureau of Conveyances (Bk. Ct. Adv. No. 08-90060, Doc. # 138-1 at 2).  See generally Harris v. Vasquez, 949 F.2d 1497, 1514-15 (9th Cir. 1990) (quoting the district court's finding on a petition for rehearing that because information existed in public records or discovery materials available during or shortly after trial and because defendant "'could [have] discover[ed the factual basis for this claim] upon reasonable investigation,' his failure to present the claim in an earlier petition constitutes an abuse of the writ.").  In fact, Appellants acknowledge that they could have raised their warranty deed argument during the prior proceedings.  (See Appeal at 11 ("CHL has been hiding facts from the court since they filed their foreclosure action, the O'Kelley [sic] are only keeping up with the trend that CHL set.").)[5]  The Court finds that Appellants had multiple opportunities to present their case, and in fact, multiple courts already reviewed the merits of their arguments.

---

[5] The Court notes that Judge Seabright rejected Appellants' allegations that Countrywide engaged in misconduct during the litigation. (Seabright Order at 12 n.7.)

Additionally, the Court finds no basis for Appellants' arguments that this Court should apply Rule 60(b)(6) to vacate various findings by the bankruptcy court and Judge Seabright prior to judgment as well as to vacate judgment itself. (See Appeal at 5, 9, 11.)  "Rule 60(b)(6) . . . grants federal courts broad authority to relieve a party from final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."  Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863-64 & n.11 (1988).  Here, Appellants premise their Motion to Vacate on Rule 60 subsections (b)(2) and (b)(3).

For all the reasons above, the Court concludes that Judge Faris did not err in finding that Appellants failed to satisfy any of the reasons set for in Rule 60(b) because they did not argue any evidence or legal argument that they did not present, or could not have presented, before the bankruptcy court entered judgment and before the district court affirmed.

CONCLUSION

For all the reasons stated above, the Court **AFFIRMS** the bankruptcy court's decision.

IT IS SO ORDERED.

DATED: Honolulu, Hawai`i, October 19, 2010.

_____
David Alan Ezra
United States District Judge

Countrywide Home Loans, Inc. v. Wilkerson et al., Cv. No. 10-00356 DAE-LEK; ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DENYING MOTION TO VACATE